# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN HOSKINGS, | ) 1:05-CV-01430 OWW SMS HC |
|         Petitioner, | ) ORDER ADOPTING FINDINGS AND |
| | ) RECOMMENDATION |
| | ) [Doc. #37] |
| v. | ) |
| | ) ORDER DENYING PETITION FOR WRIT |
| | ) OF HABEAS CORPUS |
| | ) |
| PAT L. VASQUEZ, | ) ORDER DIRECTING CLERK OF COURT |
| | ) TO ENTER JUDGMENT |
|         Respondent. | ) |

    Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

    On October 17, 2008, the Magistrate Judge issued a Findings and Recommendation that recommended the petition be DENIED. The Magistrate Judge further recommended that the Clerk of Court be DIRECTED to enter judgment. The Findings and Recommendation was served on all parties and contained notice that any objections were to be filed within thirty (30) days of the date of service of the order. On November 5, 2008, Petitioner filed objections to the Findings and Recommendation. Respondent filed a reply to the objections on November 18, 2008.

Petitioner objects to the Findings and Recommendation arguing that the Magistrate Judge failed to consider the recent California decisions in In re Lawrence, 44 Cal.4th 1181 (2008) and In re Shaputis, 44 Cal.4th 1241 (2008). Petitioner acknowledges that these decisions are not binding upon this Court, but he argues that they should be considered in this matter. This Court has reviewed these California decisions, and the import of these decisions do not alter the reasoning in the Magistrate Judge's Findings and Recommendation.

In Lawrence, the California Supreme Court held that "the Board or the Governor may base a denial-of-parole decision upon the circumstances of the offense, or upon other immutable facts such as an inmate's criminal history, but some evidence will support such reliance *only* if those facts support the ultimate conclusion that an inmate *continues* to pose an unreasonable risk to public safety." Lawrence, 44 Cal.4th at 1221. "[T]he relevant inquiry is whether the circumstances of the commitment offense, when considered in light of other facts in the record, are such that they continue to be predictive of current dangerousness many years after commission of the offense." Id. "[A]lthough the Board and the Governor may rely upon the aggravated circumstances of the commitment offense as a basis for a decision denying parole, the aggravated nature of the crime does not in and of itself provide some evidence of *current* dangerousness to the public unless the record also establishes that something in the prisoner's pre- or post-incarceration history, or his or her current demeanor and mental state, indicates that the implications regarding the prisoner's current dangerousness that derive from his or her commission of the commitment offense remain probative to the statutory determination of a continuing threat to public safety." Id. at 1214.

As discussed by the Magistrate Judge, the Governor did not rely solely on the immutable facts of the nature and gravity of the commitment offense in denying parole. The Governor also considered Petitioner's pre-incarceration criminal history which included burglary, auto theft, and Petitioner having been on parole at the time he committed the instant offense. The Governor also found significant the fact that Petitioner's criminal behavior continued for a period of 14 years into his sentence, and noted that only in the recent 9 years has Petitioner avoided criminal behavior. Indeed, one of the incidents for which Petitioner received a serious rules violation in prison was for threatening to kill another inmate. In addition, the Governor found Petitioner had failed to avail

himself of any serious substance abuse therapy, despite the fact that Petitioner admitted to drug use on the day of the murder and during his incarceration, and the fact that prison psychologists had agreed that substance abuse therapy was critical to Petitioner's success. Finally, the Governor noted that Petitioner did not have solid employment plans upon being released on parole. The Governor found it important that Petitioner secure job offers or prospects, or state a specific employment plan before he should be considered eligible, since Petitioner could very likely relapse into his criminal behavior if he did not have means to provide for himself.  The Governor determined that these factors, when considered along with the heinous nature of the crime itself, demonstrated Petitioner currently posed an unreasonable risk of danger to the public if released.

In accordance with the provisions of 28 U.S.C. § 636 b)(1)(C), this Court has conducted a *de novo* review of the case.  Having carefully reviewed the entire file and having considered the objections, the Court concludes that the Magistrate Judge's Findings and Recommendation is supported by the record, and there is no need to modify the Findings and Recommendations based on the points raised in the objections.

Accordingly, IT IS HEREBY ORDERED that:

1. The Findings and Recommendation issued October 17, 2008, is ADOPTED IN FULL;

2. The Petition for Writ of Habeas Corpus is DENIED with prejudice;

3. The Clerk of Court is DIRECTED to enter judgment; and

4. As this petition challenges a parole decision, a certificate of appealability is not required. Rosas v. Nielsen, 428 F.3d 1229, 1232 (9th Cir.2005).

IT IS SO ORDERED.

**Dated:   December 5, 2008**              /s/ Oliver W. Wanger
                                           UNITED STATES DISTRICT JUDGE